IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

GREGORY HOUSE,                    §
TDCJ-CID NO. 411028,              §
                                  §
            Petitioner,           §
                                  §
v.                                §
                                  §      CIVIL ACTION NO. H-07-3248
NATHANIEL QUARTERMAN, Director,   §
Texas Department of Criminal      §
Justice, Correctional             §
Institutions Division,            §
                                  §
            Respondent.           §

### MEMORANDUM OPINION AND ORDER

Pending before the court is Respondent Nathaniel Quarterman's Motion For Summary Judgment with Brief in Support (Docket Entry No. 8) and Petitioner Gregory House's Motion for Summary Judgment with Affidavit in Support (Docket Entry No. 12). For the reasons stated below, respondent's motion will be granted and petitioner's motion will be denied.

### I.  Factual and Procedural Background

House was convicted of burglary of a habitation on December 5, 1985, and was sentenced to eighty years' imprisonment.[1] While serving that sentence, House was disciplined for intentionally damaging state property (a pair of pants), masturbating in

_____

[1]Petition for a Writ of Habeas Corpus by a Person in State Custody, Docket Entry No. 1, p. 2.

"public," and disobeying a direct order from an officer.[2]   Prison officials reached their decision after relying on an Offense Report written by an officer who had personal knowledge of the events.[3] As punishment for these offenses House received a commissary and cell restriction of 45 days and lost 120 days of good-time credits.[4]   House filed Step 1 and Step 2 grievances to appeal the disciplinary action, both of which were denied.[5]

Having exhausted the grievance process, House filed a federal petition for a writ of habeas corpus in this court.   After the court ordered respondent to file an answer,[6] respondent filed his motion for summary judgment.   Thereafter, House submitted his own summary judgment motion.

## II.  **Analysis**

Summary judgment is proper under Rule 56(c) "if the pleadings, the discovery and disclosure materials on file, and any affidavits

---

[2]State Court Records, Docket Entry No. 10.

[3]Id. at 2.

[4]Id. at 1; see also Petition for a Writ of Habeas Corpus by a Person in State Custody, Docket Entry No. 1, p. 5.   Although respondent in his brief in support of his summary judgment motion indicated House was deprived of only forty-five days of good-time credits, this appears to be an error since all of the documentary evidence respondent submitted to the court indicates that House was deprived of 120 days.

[5]Id., Step 1 Offender Grievance Form; Step 2 Offender Grievance Form.

[6]Order to answer, Docket Entry No. 3.

show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Here, the parties have filed cross-motions for summary judgment. Although cross-motions for summary judgment must be considered separately, the court may enter summary judgment if there are no genuine fact issues, "and one of the parties is entitled to prevail as a matter of law[.]" Shaw Constructors v. ICF Kaiser Engineers, Inc., 395 F.3d 533, 538-39 (5th Cir. 2004). Accordingly, because there are no genuine fact issues, and because respondent is entitled to prevail as a matter of law, the court will enter summary judgment in respondent's favor.

House does not assert that he was deprived of advanced written notice of the disciplinary action, that he was unable to call witnesses or present evidence, or that respondent failed to provide him with a written statement explaining the evidence against him and the reasons for the disciplinary action. See Houser v. Dretke, 395 F.3d 560, 562 (5th Cir. 2004). House argues only that he was denied due process because there was no competent evidence to support the result of the disciplinary hearing that stripped him of his good-time credits.

Texas's mandatory supervision scheme "creates a constitutional expectancy of early release and, as such, a liberty interest in previously earned good time credits." Teague v. Quarterman, 482 F.3d 769, 777 (5th Cir. 2007). Accordingly, House "is entitled to the minimum procedures appropriate under the circumstances and

required by the Due Process Clause to ensure that [his right to mandatory supervised release] is not arbitrarily abrogated." Id. at 774.

Within the context of a disciplinary action that results in the forfeiture of good-time credits, due process requires "at a minimum, that there be 'some evidence' in the record to support the disciplinary decision." Broussard v. Johnson, 253 F.3d 874, 876 (5th Cir. 2001) (citations omitted); see also Morgan v. Dretke, 433 F.3d 455, 458 (5th Cir. 2005) (holding prisoner was denied due process when he was disciplined and stripped of good-time credits because there was "no evidence" to support the offense charged). Due process does not, however, include the right to confrontation. Broussard, 253 F.3d at 876. A single report supporting the charges generally constitutes "some evidence." Morgan, 433 F.3d at 458 (citing Hudson v. Johnson, 242 F.3d 534, 537 (5th Cir. 2001)); cf. Smith v. Rabalais, 639 F.2d 539, 545-46 (former 5th Cir. 1981) (holding that "generalized testimony based entirely on information from an unidentified prison informant," without more, is insufficient evidence to support a disciplinary action).

The court notes that it is unclear from the record whether there is any evidence to support the charge that House intentionally damaged his state-issued pants. The Offense Report merely states that the reporting officer saw House masturbating through a hole in the crotch of his state-issued pants, and then includes the officer's assertion that House intentionally damaged

-4-

the pants.[7]   However, the report does not indicate that the reporting officer saw House damaging the pants or provide the basis for the reporting officer's conclusion.   Moreover, the rest of the record is silent as to the factual basis for this charge.

Nevertheless, the court concludes that this factual ambiguity is insufficient to prevent the entry of summary judgment in respondent's favor.   Regardless of whether there is any evidence to support the charge that House intentionally damaged state property, the remaining two charges -- masturbating in public and disobeying an officer's direct order -- were supported by "some evidence" -- the officer's personal observations as stated in the Offense Report.   This evidence is sufficient to support respondent's disciplinary decision.   Therefore, respondent's motion will be granted.

### III.  Conclusion and Order

Based on the foregoing, Respondent's Motion for Summary Judgment (Docket Entry No. 8) is **GRANTED**, and petitioner's Petition for a Writ of Habeas Corpus by a Person in State Custody (Docket Entry No. 1) is **DENIED**.

**SIGNED** at Houston, Texas, on this the 2nd day of April, 2008.

SIM LAKE
UNITED STATES DISTRICT JUDGE

---

[7]See State Court Records, Docket Entry No. 10, p. 2.

-5-